73 F.3d 381
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Spann WATSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3418.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1995.
 
 Before RICH, CLEVENGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 In this personnel case, Lieutenant Colonel Spann Watson appeals a decision of the Merit Systems Protection Board affirming the Office of Personnel Management's (OPM's) determination that Lt. Col. Watson was not entitled to an increased civil service retirement annuity. Because the Board properly deferred to the determination of the United States Air Force, this court affirms.
 
 
 2
 Lt. Col. Watson served this country in a long and distinguished military and civilian career. He enlisted in the United States Army Air Corps, later the United States Air Force, as an aviation cadet on November 11, 1941. He was one of the original "Tuskegee Airman," a group of African-American pilots who repeatedly distinguished themselves in military combat during World War II. At that time, the segregated military permitted Lt. Col. Watson to serve only in what became known as the reserves. Lt. Col. Watson served in a full-time, active duty capacity, until his retirement on November 30, 1964. During his military career, Lt. Col. Watson served during World War II, the Korean Conflict, and the Cuban Missile Crisis.
 
 
 3
 The Air Force retired Lt. Col. Watson under 10 U.S.C. Sec. 8911 (1994), which entitles him to military retirement pay based on his length of service. The Air Force credited Lt. Col. Watson for his entire military career despite his having been segregated in the reserves for a portion of his career. Lt. Col. Watson has received military retirement pay based on all of his military service since that time.
 
 
 4
 On July 1, 1965, Lt. Col. Watson joined the Federal Aviation Administration (FAA). He retired from the FAA on August 3, 1992. On July 21, 1992, Lt. Col. Watson applied for civil service retirement under the Civil Service Retirement System (CSRS). Lt. Col. Watson sought credit in his civil service retirement annuity for that portion of his military service during which the Air Force labelled him a reserve in addition to his time with the FAA.
 
 
 5
 The Air Force, however, verified that Lt. Col. Watson retired under and was receiving pay based on 10 U.S.C. Sec. 8911. Because Lt. Col. Watson did not qualify for the limited exceptions under 5 U.S.C. Sec. 8332 (1994), permitting dual-credit for military service, OPM denied Lt. Col. Watson an enhanced civil service annuity. The Board affirmed OPM's decision.
 
 
 6
 By statute, this court must affirm an MSPB decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Resolution of this dispute turns on the proper interpretation of section 8332(c).
 
 
 7
 Prior military service generally may not be credited toward computation of a civil service retirement annuity where retired pay has been received based on the prior military service. Babakitis v. Office of Personnel Mgt., 978 F.2d 693, 695 (Fed.Cir.1992). However, under 5 U.S.C. Sec. 8332, a person may receive dual-credit where "the retired pay is awarded ... (B) under chapter 1223 of title 10 (or under chapter 67 of that title as in effect before the effective date of the Reserve Officer Personnel Management Act)." 5 U.S.C. Sec. 8332(c)(2)(B) (1994). Thus, section 8332 permits dual-credit where a person receives retired pay under former chapter 67 of title 10.
 
 
 8
 Former chapter 67 is a retirement provision for those service personnel who do not otherwise qualify for retirement pay under another provision. A person may be eligible to receive retired pay under former chapter 67 if he, for example, served on active duty during World War II and were a reservist prior to 1945.
 
 
 9
 In spite of the fact that Lt. Col. Watson served during periods and in a status which may have qualified him to receive retired pay under former chapter 67, the record conclusively shows that Lt. Col. Watson qualified for and has been receiving retired pay under section 8911 since he retired from military service. For retirement purposes, the military appropriately treated Lt. Col. Watson as if he had been a regular, active duty officer from the beginning of his very distinguished military career. As certified by the Air Force, Lt. Col. Watson has been receiving and continues to receive retirement pay under section 8911. Consequently, Lt. Col. Watson does not satisfy the narrow exceptions for dual-credit under 5 U.S.C. Sec. 8332.
 
 
 10
 OPM properly denied Lt. Col. Watson dual credit for military service. See Dickson v. Office of Personnel Mgt., 37 M.S.P.R. 465, 470 (1988). Therefore, this court affirms the decision of the Board.